## C. B. STEWART V. OBED COOK ET AL.

### IN SUPREME COURT, TYLER TERM, 1884.

*Peter's Colony—Location Void.*—A location made upon land within the limits of Peter's colony during the continuance of the reservation was absolutely void.

*Survey—Application of Certificate.*—Where the survey of the land was made and afterwards a certificate was applied to such survey it is held that the title acquired dates from the time of the application of the certificate, and not from the date of the original survey.

*Case Stated.*—When a survey was made before there was a reservation of the colony lands, without a previous file of a land certificate, and after such reservation took effect a certificate was applied to the survey, it is held that the locator acquired no title ; and, that after the reservation ceased to exist the land was subject to location as public domain.

Appeal from Parker county.

The land in controversy is situated within the limits of Peter's colony. It was surveyed by Sharpe, one of the appellees, in 1850 or 1851, at a time when there was no reservation of the colony lands from general location. A certificate was first applied to the survey in July 1852, after the reservation took effect, and it is under this certificate that appellant claims. In 1858, after the reservation was removed, another certificate, the M. Huffman, was located upon the same land, and under this location the appellees claim title.

Patents were issued upon both locations—upon the Geo. Taylor in January 1870 and upon the M. Huffman in February of the same year. The question for us to decide is, which claimant has title to the land ?

It is well settled in this court that during the continuance of the Peter's colony reservation, a location upon the reserved lands was

absolutely void. (Atchison v. Moreland, 23 Tex., 164; Fowler v. Allen, 24 Texas, 184). And so as to all similar reservations. (Woods v. Durant, 28 Texas, 43; Sherwood v. Fleming, 25 Sup., 408.) This does not seem to be disputed by counsel for appellant, but it is contended that the title of appellant, derived under the application of the Taylor certificate to the survey, begins from the date of the survey made previous to the time the reservation took effect.

The survey was an unofficial act, made without the previous file of any land certificate, Thorpe intending at the time to apply in future to the land surveyed a certificate which he supposed was unlocated, but which in fact had been previously located in another place. Of course, this survey, under the circumstances, had no effect whatever in severing the land from the public domain, or giving any right to it, inchoate or otherwise.

Had the survey been followed by the legal filing of a genuine land certificate, and the proper officer had applied this certificate to the survey, that is, adopted the latter as his survey under the certificate, the location would have been complete and the locator entitled to the patent as in other cases. The survey, however, would have derived its validity solely from its adoption by the surveyor, after the certificate was filed with him. He could just as well have applied any o ther certificate to the land as that which the party surveying the land originally intended should cover it, or a certificate belonging to a person not connected with the original survey, if first offered to him for that purpose. It is evident, therefore, that the title in such cases is not affected in any manner, either strengthened or weakened, by the fact that the original survey was made before the file of the certificate. It would date from the application of the cer. tificate, as it is that fact, which gives it validity. (Jennings v. De Cordova, 20 Tex., 508.) At the time of the application of the Taylor certificate to the land in controversy, which was in effect at the date of its location and survey under that claim, such location and survey was forbidden by law, and absolutely null and void. The owner of the certificate derived no title from the location, and when the reservation ceased to exist the land became part of the public domain and liable to be appropriated under valid certificates from thence down to the time when the Huffman certificate was filed with the surveyor. This certificate being genuine and the proceedings for the location and survey of the land being in accordance with law,

a patent was properly issued upon it, and as the appellees derive title under these proceedings and this patent they were entitled to the judgment in the court below.

The case of Lake v. Wafer 16 Tex.,570, cited by appellant's counsel, does not conflct with our views as to the effect of the original survey, but sustains them. The court then held that it is no objection to the validity of a patent that the survey upon which it was issued was made in 1841 without certificate, and applied to the certificate in 1844. We hold, too, that a survey may be made first and the certificate afterwards applied, but it is from the date of application and not from the date of the survey that the title commences. The question in the above case was between a person claiming under the patent and one who had not located until after the certificate had been applied to the survey. The court held the claim under the patent good, neither the opposite party nor anyone else having at the time of the application of the certificate a claim or equity to the land. Had a claim or equity arisen prior to the filing of the certificate, it would have prevailed against the patent, although arising subsequent to the original survey.

As the answer of defendant below set up the facts which we have held rendered the appellants title void, for the purpose of defeating the latters suit, and as the appellants amended petition alleged the same facts as constituting his title, there was no error in overruling the demurrer to the answer and sustaining it to the amended petition.

The view we have taken of appellants title renders unimportant the ruling of the court below excluding the certified copies of transfers from the general land office. If admitted they would have proved only a regular chain of transfers to the appellant of a void title, which would have been of no service to him, and could not have affcted in the least the decision of the case.

The same may be said of all other rulings of the court below which are assigned as errors. The one important question before the court was as to the validity of the title under the Taylor certificate, and none of the testimony offered having any tendency to sustain that title, or being important in the cause if it was held void, such evidence was excluded by the court.

The judgment is affirmed.

                                                    Willie, C. J.